UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ., | : | |
| | : | DKT No.: 3:23-cv-00056-JBA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KATIE DYKES, in her official capacity only, | : | |
| | : | |
| Defendant. | : | January 28, 2023 |

**CERTIFICATION OF COUNSEL PURSUANT TO FED. R. CIV. P. 65(b)(1)**

Pursuant to Fed. R. Civ. P. 65(b)(1), the undersigned – as counsel for Plaintiff David J. Nastri, Esq. – makes this certification pursuant to Fed. R. Civ. P. 65(b)(1) out of an abundance of caution. While Nastri does not seek *ex parte* relief of the kind that typically necessitates this certification, he does seek emergency or expedited relief, and the undersigned has made, or is in the process of making, efforts to notify counsel for the Defendant of both this action and Nastri's amended emergency motion for a temporary restraining order and a preliminary injunction.

**I.     Specific Facts Showing Immediate And Irreparable Injury, Loss, Or Damage.**

Pursuant to Fed. R. Civ. P. 65(b)(1)(A), the undersigned submits that Nastri's verified amended complaint (Dkt. 13) contains specific facts to show that he is incurring an immediate and irreparable injury by virtue of the Defendants' violation of his Second Amendment rights.

Connecticut prohibits the carrying of firearms, archery equipment, or other weapons in state parks and forests unless the Connecticut Department of Energy & Environmental Protection (DEEP) specifically authorizes their carrying. Dkt. 13, ¶ 13. A

1

violation of this prohibition is an infraction under Connecticut law, and violators are subject to a $35 fine. *Id*. at ¶ 14. The DEEP also retains the authority to evict a person from a state park or forest for twenty-four hours immediately upon their arrest or citation for the infraction. *Id*. at ¶ 15. If a person is convicted of the infraction, the DEEP may exercise its authority to ban them from entering a state park or forest for up to one year. *Id*. at ¶ 16.

Firearms and other weapons are not uncommon in state parks and forests though. The DEEP permits the limited carrying of firearms, archery, and other weaponry for the purpose of hunting in state parks and forests within certain specified seasons. *Id*. at ¶ 17. Among the firearms permitted for hunting are .22 caliber rimfire handguns. *Id*. at ¶ 17.

Additionally, Connecticut maintains four state shooting ranges within state parks and forests. *Id*. at ¶ 48. Members of the public may freely bring and fire many types of firearms, including handguns, at those shooting ranges. *Id*. at ¶ 48.

The DEEP, however, does not permit members of the public who possess valid Connecticut pistol permits to carry handguns for the purposes of self-defense while using state parks or forests. *Id*. at ¶ 18. When Nastri sought to clarify whether Connecticut law did not permit him to carry a handgun for self-defense in state parks or forests, the DEEP confirmed his understanding of Connecticut law. *Id*. at ¶¶ 19-22. Nastri subsequently asked the DEEP to amend the law to permit the carrying of handguns for self defense in state parks and forests. *Id*. at ¶ 23. Not only did the DEEP fail to respond to him, but it also has not amended the law. *Id*. at ¶ 24.

It is well-established that there is a presumption of irreparable harm or injury when government conduct violates a person's constitutional rights. *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015). Nastri is entitled to the presumption of

irreparable harm. He claims a constitutional right to bear a pistol or revolver for the purposes of self-defense and outside the home. The Supreme Court has twice established that the Second Amendment's text protects the right to keep and bear arms in case of confrontation. *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111, 2127 (Jun. 23, 2022); *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). The Connecticut law prohibiting the carrying of handguns for self-defense in state parks and forests does not fall within a recognized Second Amendment exception, and it deprives Nastri completely of his Second Amendment rights when he uses state parks and forests. Thus, he has alleged enough of a Second Amendment violation to be entitled to *Clapper*'s presumption of irreparable harm in this case.

Nastri is also facing actual irreparable harm or injury because every day that passes where he cannot carry a handgun for self-defense in state parks and forests is an opportunity and a day that he will never receive again. Monetary damages are also unavailable to him. He cannot sue the DEEP directly because of the Eleventh Amendment, and various immunity doctrines, including qualified immunity, would place Defendant Dykes beyond the reach of damages. Additionally, even if monetary damages were available, they cannot adequately compensate Nastri for the deprivation of constitutional rights.

## II.   Efforts Made To Give Notice

Since the Defendant is sued in her official capacity under *Ex Parte Young*, 209 U.S. 123 (1908), her proper legal representative is the Connecticut Attorney General's Office.

Attorneys for Defendant Dykes have already appeared for a status conference with the Court on January 27, 2023 in this matter. They are aware of Nastri's initial motion, and the undersigned specifically alerted the Court and them in that status conference that Nastri would be amending his initial pleadings. Additionally, the Court orally established a briefing scheduling and set a hearing date for this motion at that status conference. Thus, the Defendant has actual notice of this motion.

## **CONCLUSION**

Nastri does not seek *ex parte* relief in this matter. The undersigned, however, believed that the emergency nature of Nastri's motion necessitated this certification pursuant to Fed. R. Civ. P. 65. Thus, he respectfully submitted it out of an abundance of caution.

>
> The Plaintiff,
>
> By: /s/ Cameron L. Atkinson /s/
> Cameron L. Atkinson, Esq.
> (ct31219)
> ATKINSON LAW, LLC
> 122 Litchfield Rd., Ste. 2
> P.O. Box 340
> Harwinton, CT 06791
> Telephone: 203.677.0782
> Email: catkinson@atkinsonlawfirm.com

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Cameron L. Atkinson /s/