UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ. | : | No. 3:23-cv-00056 (JBA) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| KATIE DYKES, *in her official capacity*, | : | |
| *Defendant* | : | MARCH 30, 2023 |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS**

David Nastri ("Plaintiff") has brought a pre-enforcement challenge to § 23-4-1(c) of the Regulations of Connecticut State Agencies, which provides in relevant part: "Hunting or carrying of firearms, archery equipment or other weapons . . . is not permitted in any state park or forest except as authorized by the Department of Energy and Environmental Protection." Plaintiff claims that this regulation violates the Second Amendment on its face.

As set forth below, Plaintiff has failed to plead sufficient facts to make out a plausible claim that he has standing to challenge § 23-4-1(c). First, he merely alleges a general desire to carry a handgun into State parks and forests in the future, as opposed to an actual intention to do so, and courts have held that that is insufficient to confer pre-enforcement standing. Second, Plaintiff has only vaguely alleged that he has future plans to visit State parks and forests, rather than concrete and imminent plans to do so, which falls short of the imminent and concrete injury-in-fact requirement for Article III standing.

This lawsuit should be dismissed for lack of subject matter jurisdiction.

1

I.   BACKGROUND

Plaintiff's Verified Amended Complaint ("Complaint"), ECF No. 13, pp. 13-14, alleges that Plaintiff "received his pistol permit approximately 30 years ago" and holds it in good standing. *Id.* ¶ 32. Plaintiff alleges that he "uses Connecticut state parks and forests on a regular basis throughout the year—most often during the summer. He enjoys hiking with his girlfriend at Sleeping Giant State Park . . . and Naugatuck State forest when their schedules permit." *Id.* ¶ 33. Plaintiff further alleges that he "intends to and will continue to make use of Connecticut state parks and forests in the immediate and foreseeable future for the purpose of recreation such as hiking." *Id.* ¶ 34. Plaintiff posits that his "prospective use of Connecticut state parks and forests is not speculative" because he went to Sleeping Giant State Park twice since commencing this lawsuit. *Id.* ¶ 35.

Plaintiff "actively carries his handgun almost every time he leaves his home and almost every place that he goes, but he abides by the laws and rules that govern where he may carry it." *Id.* ¶ 36. He alleges that he "seeks to carry a handgun for purpose of self-defense" while making "regular use of Connecticut state parks and forests[.]" *Id.* ¶ 37. Plaintiff does not allege that he has ever been arrested, fined, evicted, or subject to any other adverse action for carrying handgun in a state park or forest, or that the State has threatened to take any such action against him.

Plaintiff commenced this action in January, 2023. He claims that § 23-4-1(c) violates the Second Amendment, as incorporated by the Fourteenth Amendment, on

its face. Plaintiff seeks declaratory relief and a permanent injunction. *Compl.*, Prayers for Relief.

## II.   ARGUMENT

### A.   Legal Standard

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014); *Picard v. Magliano*, 42 F.4th 89, 97 (2d Cir. 2022). An injury-in-fact must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List*, 573 U.S. at 158.

As the Supreme Court has recently observed, "[f]ederal courts do not possess a roving commission to publicly opine on every legal question," and therefore they "do not adjudicate hypothetical or abstract disputes." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "Requiring a plaintiff to demonstrate a concrete and particularized injury caused by the defendant and redressable by the court ensures that federal courts decide only the rights of individuals, and that federal courts exercise their proper function in a limited and separated government." *Id.*

"At the motion to dismiss stage, the complaint must allege enough facts to make it plausible to conclude that the plaintiff has standing." *Beatty v. Tong*, No. 3:22-cv-380, 2023 U.S. Dist. LEXIS 36528, at *12-13 (D. Conn. Mar. 6, 2023) (Meyer,

3

J.) (*citing Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65-66 (2d Cir. 2021)). "[A]lthough the plausibility requirement is most commonly applied in the context of evaluating whether a complaint substantively states a claim for relief, there is little reason to suppose that it should not equally govern the evaluation of factual allegations that support federal subject matter jurisdiction." *Beatty*, 2023 U.S. Dist. LEXIS 36528, at *12-13 (*quoting Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016)).

Plaintiffs can, under some circumstances, have standing to challenge a law that has not yet been applied to them. "When an individual is subject to such a threat [of enforcement], an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Susan B. Anthony List*, 573 U.S. at 158-59. Under those circumstances, "it is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). "[A] plaintiff satisfies the injury-in-fact requirement where he alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List*, 573 U.S. at 159.

Nevertheless, it is not enough for a plaintiff to simply allege that they want to engage in conduct that it prohibited by a statute in order to have standing to challenge that statute on a pre-enforcement basis. The threat of future enforcement must also be "sufficiently imminent." *Susan B. Anthony List*, 573 U.S. at 159.

Plaintiff has not met that burden here.[1]

**B.  Plaintiff lacks standing to being this pre-enforcement action because he has not alleged either an intention to carry a handgun into a State park or forest, or an intention to do so in the immediate future.**

In *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992), plaintiff sought to challenge a rule promulgated under the Endangered Species Act that rendered the Act inapplicable to locations abroad. Plaintiff alleged that the rule would accelerate the decrease in certain specie populations thereby preventing her from observing them while she was present in those locations. The Supreme Court noted that plaintiff's desire to observe animal species "is undeniably a cognizable interest for purposes of standing," but nonetheless concluded that she lacked standing to challenge the Act because she had not proven an "imminent" risk she would be unable to observe those species in the future. The Court first emphasized that the fact that plaintiff "had visited the areas" in the past "proves nothing." *Id.* at 564. That is because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse

---

[1] Plaintiff has also filed an amended motion for preliminary injunction, which Defendant has separately opposed. Although Defendant challenges standing for purposes of this motion on the basis of the Complaint alone, this Court should assess standing at the preliminary injunction stage under the higher standard applicable to successive stages of litigation. *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation. . . . When a preliminary injunction is sought, a plaintiff's burden to demonstrate standing will normally be no less than that required on a motion for summary judgment.").

effects." *Id.* (*quoting L.A. v. Lyons*, 461 U.S. 95, 102 (1983)).  And although plaintiff had "profess[ed] . . . an intent to return" to those places—at which point they would be deprived of an opportunity to observe the species—that "[was] simply not enough." *Id.*  "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."  *Id.*

Courts have applied these principles in the Second Amendment context.  Where a plaintiff attempts to challenge a law prohibiting carrying in a particular location, courts have dismissed the claim for two reasons, both of which are pertinent here.  The first is where plaintiffs merely allege that they *want* to carry a firearm in the particular locations in the future, as opposed to alleging an actual *intention* to do so.  *See Antonyuk v. Bruen*, No. 1:22-CV-0734 (GTS/CFH), 2022 U.S. Dist. LEXIS 157874, at *47, 2022 WL 3999791 (N.D.N.Y. Aug. 31, 2022) (*Antonyuk I*) (dismissing complaint because plaintiff had "alleged and/or sworn that he 'desires,' 'wants,' 'wishes' or 'would like' . . . to carry a concealed handgun" in particular places, but had not "alleged or sworn . . . that he *intends* to do so") (emphasis in original).  In such a case, plaintiff has failed to allege an intention to "engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the law] . . . ." *Id.* at 50 (*quoting Susan B. Anthony List*, 573 U.S. at 159).

The second is where plaintiffs allege an intention to carry in the location, but fail to allege that they intend to do so "in the *immediate* future . . . ." *Antonyuk v. Hochul*, No. 1:22-CV-0986 (GTS/CFH), 2022 U.S. Dist. LEXIS 201944, at *42, 2022

WL 4367410 (N.D.N.Y. Nov. 7, 2022) (*Antonyuk II*). That is because—as held in *Lujan*—"'someday' intentions . . . without any description of concrete plans . . . do not support" standing. *Id.* at *20.

Plaintiff's Complaint fails on both fronts. First, he does not allege that he actually ***intends*** to carry a handgun into State parks and forests. He simply alleges that he "***seeks***" to do so. *Am.Compl.* ¶ 37. That is an expression of a general desire to carry, not an intention to do so. *Antonyuk I*, 2022 U.S. Dist. LEXIS 157874, at *47, 2022 WL 3999791. Plaintiff has therefore failed to allege an actual intention to engage in conduct that § 23-4-1(c) prohibits, depriving him of pre-enforcement standing.

Second, even if the Court were to conclude that Plaintiff had alleged an intention to carry arms into a State park or forest, he has not plausibly alleged that he intends to do so in the immediate future. He alleges that has used Connecticut parks and forests a number of times in the past, including on two occasions on January 14 and 15, 2023. *Am. Compl.* ¶¶ 33, 35. But the mere fact that plaintiff "had visited the areas" in the past "proves nothing." *Lujan*, 504 U.S. at 564. Plaintiff must allege concrete plans to do so in the future.

On that score, Plaintiff's Amended Complaint is lacking. He alleges in conclusory terms that he "intends to and will continue to make use of Connecticut state parks and forests in the immediate future for the purpose of recreation," and that his "prospective use of Connecticut state parks and forests is not speculative." *Am. Compl.* ¶¶ 34, 35. But those kinds of conclusory allegations are not entitled to

the presumption of truth, and are insufficient to confer standing. *Sowell v. Tinley Renehan & Dost, LLP*, 807 F. App'x 115, 119 (2d Cir. 2020) (Summary Order) ("plaintiff's conclusory assertion [of] a chilling effect on her First Amendment rights is not sufficient to establish injury in fact"); *see also Treiber v. Aspen Dental Mgmt.*, 635 F. App'x 1, 3 (2d Cir. 2016) (Summary Order) ("because the allegation is wholly conclusory and unsupported by any facts, it is insufficient to support standing").

The only concrete factual allegation regarding future use appears in paragraph 33, which alleges: "[Plaintiff] uses Connecticut state parks and forests on a regular basis throughout the year—most often during the summer. He enjoys hiking with his girlfriend at Sleeping Giant State Park . . . and Naugatuck State Forest when their schedules permit." That is the very kind of "someday" allegations that are insufficient to confer standing. Plaintiff does not explain what he means by "regular basis," or allege any facts to indicate whether that gives rise to a sufficiently imminent future use. Indeed, the summer months (when Plaintiff uses parks and forests "most often") are not yet here. And the fact that he "enjoys" hiking with his girlfriend "when their schedules permit" does not establish anything about the imminence of his alleged future injury. Again, "'someday' intentions . . . without any description of concrete plans . . . do not support" standing. *Lujan*, 504 U.S. at 564.

### III.   CONCLUSION

For the foregoing reasons, the Court should dismiss this lawsuit for lack of subject matter jurisdiction.

        Respectfully submitted,

        DEFENDANT-COMMISSIONER
        KATIE DYKES

        WILLIAM TONG
        ATTORNEY GENERAL

BY: /s/ *Timothy J. Holzman*
    Timothy J. Holzman (ct30420)
    Blake T. Sullivan (ct30289)
    Thadius L. Bochain (ct31367)
    Assistant Attorneys General
    Attorney General's Office
    165 Capitol Avenue
    Hartford, CT 06106
    860-808-5020 (phone)
    860-808-5347 (fax)
    Timothy.Holzman@ct.gov
    Blake.Sullivan@ct.gov
    Thadius.Bochain@ct.gov
    Attorneys for the Commissioner

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 30, 2023 a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                         */s/ Timothy Holzman*
                                                         Assistant Attorney General