UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ. | : | No. 3:23-cv-00056 (JBA) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| KATIE DYKES, *in her official capacity*, | : | |
| *Defendant* | : | MAY 3, 2023 |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Plaintiff lacks standing based on the plain allegations of his Amended Complaint alone. And Plaintiff's recent deposition testimony—the relevant excerpts of which are attached—only confirm that conclusion. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (defendants may bring facial challenges to standing based on the allegations in pleadings, and fact-based challenges incorporating evidence outside pleadings).

Plaintiff's mere desire to carry a firearm in Connecticut State parks and forests and his disagreement with Conn. Reg. § 23-4-1(c)'s general prohibition of allowing him to do so is insufficient to confer him with standing to challenge the regulation. To bring a pre-enforcement facial challenge to Conn. Reg. § 23-4-1(c), Plaintiff must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Importantly, the standing analysis turns on the alleged violative conduct, not the talismanic or conclusory recitation of the word "intend" or its synonyms. And even

1

if Plaintiff did intend to carry a firearm into state parks and forests, that intention would be insufficient to confer standing absent actual concrete future plans to do so: "'[S]omeday' intentions . . . without any description of concrete plans . . . do not support" standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992); *see also San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1127 (9th Cir. 1996) (holding the plaintiffs' assertions that they "wish and intend to engage in activities prohibited" by the Crime Control Act, which prohibited the manufacture, transfer or possession of semiautomatic assault weapons, was insufficient to establish a genuine threat of imminent prosecution); *Frey v. Bruen*, 2022 WL 522478, 2022 U.S. Dist. LEXIS 31053, at *13 (S.D.N.Y. Feb. 22, 2022)[1] (Plaintiffs could not show actual or imminent injury necessary for standing by stating that they "intend to" violate statutory firearm licensing requirements "without any description of concrete plans, or indeed even any specification of *when* the some day will be") (emphasis in original).

Plaintiff's Amended Complaint falls short of that threshold because he has not alleged intent to engage in a proposed course of conduct that would violate the regulation—impermissibly carrying a prohibited firearm in Connecticut State parks and forests—let alone with any actual specific future plans to do so. *See, e.g., Taveras v. New York City*, 2023 WL 3026871, 2023 U.S. Dist. Lexis 69420, at *18 (S.D.N.Y. April 20, 2023) ("[I]t is not enough for a plaintiff to allege his or her intention to engage in indeterminate unlawful conduct at an unspecified time. . . . Instead, the

---

[1] Copies of unreported cases are attached as **Exhibit B**.

plaintiff must describe his intended lawbreaking with specificity.") (citation omitted); *see also Knife Rights, Inc. v. Vance*, 802 F.3d 377, 385 (2d Cir. 2015)("A credible threat of prosecution . . . cannot rest on fears that are 'imaginary or speculative.'")(quoting *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298 (1979)). Instead, Plaintiff conflates what he claims to be a general intention to visit Connecticut State parks and forests, generally, with his hedged argument that he also wishes to carry a pistol for purposes of self-defense where it is "constitutionally permissible" to do so. *See* Doc. No. 27 at p. 11.[2] However, that argument cannot be reconciled with Plaintiff's own allegation, made under oath, that he "actively carries his handgun almost every time he leaves his home and almost every place that he goes, *but he abides by the laws and rules that govern where he may carry it*." Am. Compl., Doc. 13, ¶ 36 (emphasis added). Plaintiff can either intend to engage in conduct following the law as it exists or intend not to. But he cannot do both.

That conflict—baked into Plaintiff's Amended Complaint—prevents the overly generous reading advocated by Plaintiff that it is enough to "wish" or "seek" to carry

---

[2] Plaintiff's circular argument that he seeks to engage in what he characterizes as "constitutionally permissible" conduct, is just that: argument. It should not be construed as an allegation demonstrating concrete intent. "[A] complaint may not be amended by advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint." *Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 Fed. Appx 17, 20 (2d Cir. 2020) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Indeed, it is inappropriate for Plaintiff, in his opposition memorandum, to amend or otherwise expand upon the factual allegations set forth in his Amended Complaint. *E.g., Wright*, 152 F.3d at 178; *Al-Bukhari v. Dept. of Correction*, 2018 WL 4539663, 2018 U.S. Dist. Lexis 162296, at *11 (D. Conn. Sept. 21, 2018) (Underhill, J.).

where it is constitutionally permissible. At most, he alleges a *desire* to carry, which does not sufficiently allege intent to engage in conduct that would give him standing. *See Antonyuk v. Bruen*, 2022 WL 3999791, 2022 U.S. Dist. LEXIS 157874, at *47, (N.D.N.Y. Aug. 31, 2022) (*Antonyuk I*) (dismissing complaint because plaintiff had "alleged and/or sworn that he 'desires,' 'wants,' 'wishes' or 'would like' . . . to carry a concealed handgun" in particular places, but had not "alleged or sworn . . . that he *intends* to do so") (emphasis in original); *see also* Am. Compl., Doc. 13, ¶ 37 ("Nastri *seeks* to carry a handgun for the purpose of self-defense . . .") (emphasis added); *id.* at ¶ 54 ("The Second Amendment's plain text indisputably covers the conduct that Nastri *seeks* to engage in . . . .") (emphasis added). Instead, to demonstrate injury-in-fact, it is necessary for Plaintiff to allege facts supporting a concrete intention to engage in the prohibited conduct despite his apparent intention to otherwise "abide by the laws and rules" of the state parks and forests. He has not done so.

Of course, while Plaintiff's allegations are alone insufficient to support his arguments in support of his standing to challenge § 23-4-1(c), his recent sworn deposition testimony is fatal to any contention that Plaintiff has standing. At Plaintiff's April 27, 2023 deposition, Plaintiff plainly and repeatedly emphasized his practice *not to carry a firearm* in state parks and forests, as well as his intent to continue *not to carry a firearm* in state parks and forests while § 23-4-1(c) remains in place. *See* Excerpts of April 27, 2023 Deposition of David J. Nastri, attached as

4

**Exhibit A**, at pp. 161:23-25;[3] 173:20-24;[4] 202:5-10;[5] 202:17-23.[6] Indeed, Plaintiff testified that it is his practice to follow the laws governing the carry of firearms at all times outside his home. *See, e.g.*, **Exhibit A**, pp. 117:22-24;[7] 120:19-22;[8] 121:6-13;[9] 130:13-18.[10] That testimony, consistent with the allegations of his Amended

---

[3] Q. All right. So you wouldn't carry your gun in a state park or forest?
A. Correct.

[4] Q. And you also mentioned state parks and forests you don't carry?
A. Correct.
Q. And you wouldn't carry at any of those locations?
A. Correct.

[5] A. So in regard to state parks and forests, I would carry a firearm in those locations up until I became aware of this regulation that prohibits that.
Q. All right. So once you became aware of the regulation, though, you stopped carrying your firearm?
A. That is correct.

[6] Q. All right. And going forward it's going to be your practice to not carry your firearm in a state park or forest?
A. Until the resolution of this case, yes.
Q. All right. But you do not carry your firearm in a state park or forest?
A. That is correct.

[7] Q. Let me ask it this way: Do you always carry your pistol permit?
A. I do.

[8] Q. Let me circle back to the pistol permit for a second. Do you ever carry a firearm when you do not have your pistol permit on you?
A. No.

[9] Q. Are you familiar with the laws in Connecticut regarding where you can carry your firearm in Connecticut?
A. Generally, yes.
Q. And so the laws that you are familiar with, do you abide by those?
A. I do.
Q. Do you always abide by those?
A. I do.

[10] Q. Do you consider yourself fairly knowledgeable about gun laws in Connecticut?
A. Probably more knowledgeable than the average person.

Complaint, demonstrates that he does not intend to engage in conduct that violates § 23-4-1(c). Rather, it conclusively establishes that he follows the laws as they exist and will continue to do so.

Likewise, Plaintiff cannot establish concrete intent or a credible threat of prosecution simply by confirming that § 23-4-1(c) prohibits conduct he believes to be constitutional, Doc. 13, ¶¶ 18-22, and then requesting that Commissioner Dykes "take immediate steps to amend Conn. Agencies Regs. § 23-4-1(c) to permit the carrying of handguns in state parks and forests for the purpose of self-defense in compliance with *Bruen*." Doc. 13, ¶ 23. "Although courts generally presume that the government will enforce its laws, 'the mere existence of a law prohibiting intended conduct does not automatically confer Article III standing.'" *Sibley v. Watches*, 501 F. Supp. 3d 210, 222 (W.D.N.Y. 2020) (quoting *Adam v. Barr*, 792 Fed. Appx. 20, 22 (2d Cir. 2019)). Those allegations demonstrate nothing more than the fact that the regulatory prohibition exists, and Plaintiff would like to see it changed. His desire for the regulation to be changed is a matter for legislative advocacy, not judicial intervention absent standing.

Here, Plaintiff's mere disagreement with § 23-4-1(c) is not a "concrete and particularized injury" sufficient to establish standing to challenge it. Nor is it enough to demonstrate that he faces a credible threat of prosecution. *See, e.g., Frey*, 2022 WL 522478, 2022 U.S. Dist. LEXIS 31053, at *12 ("A credible threat of prosecution cannot

---

Q. Okay. And why would you say that?
A. I'm interested. I own firearms. I want to make sure I'm compliant. Probably those reasons.

6

be 'imaginary or speculative' . . . and it 'will not be found where plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible.'") (quoting *Knife Rights, Inc.*, 802 F.3d at 384, and *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016)). Put simply, Plaintiff cannot plausibly plead a credible threat of prosecution for violating § 23-4-1(c) when his Amended Complaint and sworn testimony makes plain that he does not engage in conduct that violates the regulation. *See generally*, **Exhibit A**. Thus, he lacks standing.

Ultimately, Plaintiff's disagreement with § 23-4-1(c) is nothing more than a generalized grievance common to any other member of the public who may disagree with the rule but follows it anyway. "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.' And it consequently does not show standing. . . . In other words, a plaintiff cannot establish standing by asserting an abstract 'general interest common to all members of the public' . . . 'no matter how sincere' or 'deeply committed' a plaintiff is to vindicating that general interest on behalf of the public." *Carney v. Adams*, 141 S. Ct. 493, 498-99 (2020) (citations omitted). For these reasons, as well as those described in the pending motion,

Defendant requests that the Court dismiss Plaintiff's Amendment Complaint for lack of jurisdiction.[11]

                                                          Respectfully submitted,

                                                          DEFENDANT-COMMISSIONER
                                                          KATIE DYKES

                                                          WILLIAM TONG
                                                          ATTORNEY GENERAL

BY:    /s/ *Blake T. Sullivan*
          Blake T. Sullivan (ct30289)
          Timothy J. Holzman (ct30420)
          Thadius L. Bochain (ct31367)
          Assistant Attorneys General
          Attorney General's Office
          165 Capitol Avenue
          Hartford, CT 06106
          860-808-5020 (phone)
          860-808-5347 (fax)
          Timothy.Holzman@ct.gov
          Blake.Sullivan@ct.gov
          Thadius.Bochain@ct.gov
          Attorneys for the Commissioner

---

[11] Additionally, if this Court dismisses Plaintiff's Amended Complaint for lack of jurisdiction due to Plaintiff's lack of standing, it lacks jurisdiction over Plaintiff's Motion for a Preliminary Injunction.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2023 a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/ Blake T. Sullivan*
                                              Assistant Attorney General