UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ., | : | |
| | : | DKT No.: 3:23-cv-00056-JBA |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KATIE DYKES, in her official capacity only, | : | |
| | : | |
|     Defendant. | : | July 17, 2023 |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Fed. R. Civ. P. 52 and 59(e) and D. Conn. Local Rule 7(c), the Plaintiff, David J. Nastri, Esq., respectfully submits this memorandum of law in support of his motion for reconsideration. Dkt. 46.

The Court dismissed this action and denied Nastri's motion for a preliminary injunction based on its finding that he lacked standing to pursue his claim. Dkt. 46. In particular, the Court found that he failed to show that he faced a credible threat of prosecution because "there was no evidence in the record of any instance in which the law has *ever* been enforced." Dkt. 46, p. 14 (discussing Conn. Agencies Regs. § 23-4-1(c)).

In its motion to dismiss, the Defendant never raised a claim that it did not enforce the law or that Nastri had not alleged a credible threat of prosecution. Instead, it challenged whether Nastri had alleged a sufficient intent to carry a firearm into state parks and forests at a definite point in the future. Dkt. 22-1, pp. 6-8. Thus, the Court *sua sponte* raised the issue of whether the law had ever been enforced.

While the Court does have the discretion to *sua sponte* address issues that pertain to subject matter jurisdiction, including standing, Nastri's presentation of evidence was shaped by the issues that he was fairly apprised of by the Defendant's motion to dismiss. Since the issue of whether he had stated a credible threat of prosecution was not in dispute by virtue of the parties' presentation, Nastri did not present the Defendant's interrogatory responses indicating the number of times that it enforced Conn. Agencies Regs. § 23-4-1(c).

The Court should reconsider its decision now to prevent a manifest injustice.

## **LEGAL STANDARD**

Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Within the Second Circuit, there are three major grounds for granting a motion for reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd*. 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations and quotation marks omitted).

## **ARGUMENT**

As a preliminary matter, Nastri's filing of his notice of appeal does not deprive the Court of jurisdiction to consider his motion for reconsideration. *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001) ("the filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in

Fed. R. App.P. 4(a)(4)(A), if timely filed"); *see also Coan v. Kaufman*, 349 F.Supp.2d 271, 273, n.1 (D.Conn. 2004) (same).

Reconsideration is both appropriate and necessary in this matter. The issues of standing – as framed by the parties – did not create a dispute as to whether Nastri had shown a credible threat of prosecution if he violated Conn. Agencies Regs. § 23-4-1(c). Notably, in her motion to dismiss, the Defendant never raised a challenge as to whether Nastri had shown a credible threat of prosecution. Dkt. 22-1. Instead, the Defendant challenged whether Nastri had alleged a sufficient intent to carry a firearm into state parks and forests at a definite point in the future so as to make his injury actual and imminent. Dkt. 22-1, pp. 6-8.

Nastri fairly relied on the parties' framing to make choices as to what evidence to present at the preliminary injunction hearing held on May 9-10, 2023 and in his response to the Defendant's motion to dismiss. His reliance on the parties' presentation of the issues led him to reasonably believe that the issue of whether he faced a credible threat of prosecution based on the Defendant's record of enforcing the law was not in dispute.

Nastri does not dispute that the Court has the discretion to *sua sponte* raise issues of subject matter jurisdiction, including standing, but he does submit that the principles of due process do afford him the right to be fairly apprised of what issues are in play. If Nastri been fairly apprised that the issue of whether he faced a credible threat of prosecution based on the Defendant's enforcement of Conn. Agencies Regs. § 23-4-1(c) was in play, he would have submitted the Defendant's response to his Interrogatories. That response shows that the Defendant has issued citations or made arrests for violations of Conn. Agencies Regs. § 23-4-1(c) as follows:

| Year | Conn. Reg. 23-4-1(c) Citations |
|------|-------------------------------|
| 2016 | 6 |
| 2017 | 10 |
| 2018 | 5 |
| 2019 | 1 |
| 2020 | 10 |
| 2021 | 7 |
| 2022 | 6 |

See **Exhibit A – Defendant's Responses To Plaintiff's Interrogatories (March 20, 2023), pp. 11-12, ¶ 18.**

This evidence should weigh in favor of the Court revisiting its finding that there was no evidence in the record showing that Conn. Agencies Reg. § 23-4-1(c) has ever been enforced. The evidence is also consistent with Colonel Chris Lewis' testimony that he and his officers would enforce § 23-4-1(c) against someone who they found carrying firearms in state parks and forests – **Exhibit B – Excerpted Preliminary Injunction Testimony of Col. Chris Lewis, p. 348** – and his testimony that his officers typically respond to investigate any reports of unauthorized firearms in Connecticut state parks and forests – **Exhibit B, pp. 307-309.**

These facts – supplemented by the evidence that Nastri presents now that he is fairly apprised of the Court's doubts as to the credibility of the threat of prosecution – demonstrate that Nastri has standing to maintain this action and for a preliminary injunction.

Finally, reconsideration is the appropriate vehicle for the judicial system to resolve this matter. An appeal or a successive lawsuit would necessarily require the expenditure of additional judicial resources that could be more efficiently resolved on the Court's reconsideration of the matter now.

**CONCLUSION**

For these reasons, the Plaintiff, David J. Nastri, Esq., respectfully asks the Court to reconsider its order granting the Defendant's motion to dismiss and denying his motion for a preliminary injunction. In its reconsideration, the Court should find that he has standing to pursue his claims as well as his preliminary injunction.

The Plaintiff,

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq. (ct31219)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Cameron L. Atkinson /s/