# Exhibit A

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ., | : | |
| | : | DKT No.: 3:23-cv-00056-JBA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KATIE DYKES, in her official capacity only, | : | |
| | : | |
| Defendant. | : | MARCH 20, 2023 |

### DEFENDANT'S RESPONSES TO PLAINTIFF's INITIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 33 and 34, the Defendant, Katie Dykes, in her official capacity, responds to Plaintiff's interrogatories and requests for production dated February 16, 2023, as follows:

### GENERAL OBJECTIONS

1. Defendant objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Defendant objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each document request to the extent that it calls for production of a privilege log for internal documents of Defendant. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, attorney-client privilege, and other privileges protecting such internal documents from discovery.

4. Defendant objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, work product doctrine, or any other applicable privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

5. Defendant objects to each instruction, definition, document request, and interrogatory as overly broad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff than to Defendant, are readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiff as for Defendant.

6. Plaintiff's document requests and interrogatory call for the production of documents and information that were produced to the Defendant by other entities and that may contain confidential, proprietary, or trade secret information.

7. To the extent any of Plaintiff's document requests or its interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Defendant objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

8. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

## **INTERROGATORIES**

1.      Identify the person(s) answering these interrogatories. Include their full name and work address.

**ANSWER:    Alison Rau; 79 Elm Street, Hartford, CT 06106.**

2.      State Mason Trumble's official job title at the DEEP and his work address, and briefly describe his responsibilities and authority.

**ANSWER: Deputy Commissioner of Environmental Conservation; 79 Elm Street, Hartford, CT 06106. Deputy Commissioner Trumble oversees the Bureau of Natural Resources, which is charged with managing the state's natural resources (particularly fish, wildlife, and forests) through a program of regulation, management, research, and public education. He also oversees the Bureau of Outdoor Recreation, which is charged with the conservation and management of statewide recreation lands and resources through the acquisition of open space and the management of resources, including state parks, to meet the outdoor recreation needs of the public.**

3.      State the name, the work address, and the telephone number of the uniformed official/officer/DEEP employee who commands the Connecticut Environmental Conservation Police.

**ANSWER: Colonel Christopher Lewis; 79 Elm Street, Hartford, CT 06106; 860-424-3012.**

4.      State whether the DEEP has a process by which a member of the public who holds a valid Connecticut pistol permit may apply for permission to carry a pistol or revolver for a non-

hunting purpose in Connecticut state parks and forests. If such a process exists, describe where

and how a member of the public may locate information regarding the process and what steps they

must take to apply for such permission.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). There is no allegation in Plaintiff's Amended Complaint that he sought or applied for permission to carry a pistol or revolver for a non-hunting purpose in the Connecticut State Parks and Forests System.**

**ANSWER: Subject to and without waiving objection, pursuant to Conn. Gen. Stat. § 23-11, the Commissioner of Energy and Environmental Protection may grant revocable licenses for public purposes to any person for the use of any portion of any state forest or state park if said commissioner finds that such purposes are not in conflict with park or forest purposes. An overview of this process is available online at the following website:**

**https://portal.ct.gov/DEEP/State-Parks/Special-Use-License**


5. State how many times the DEEP has given permission to a member of the public to

carry a pistol or revolver for a non-hunting purpose in Connecticut state parks and forests since

January 1, 2017. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 –

200 times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). There is no allegation in Plaintiff's Amended Complaint that he sought or applied for permission to carry a pistol or revolver for a non-hunting purpose in the Connecticut State Parks and Forests System. Defendant further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.   As Plaintiff notes in his Amended Complaint, certain locations within Connecticut's State Parks and Forest System have designated target shooting ranges.  It is unclear whether this interrogatory seeks information pertaining to designated target shooting ranges.  Additionally, the interrogatory's timeframe and lack of specificity make it overly broad and impose an undue burden on DEEP's staff.**

**ANSWER: Subject to and without waiving objection, DEEP issued a special use license for a civil war reenactment in 2022, which included participants carrying unloaded Civil War-era firearms for use as part of the reenactment, subject to numerous other conditions. DEEP is not aware of any other such permissions since January 1, 2017. Defendant reserves the**

right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.

6.      State how many times the DEEP has denied permission to a member of the public to carry a pistol or revolver for a non-hunting purpose in Connecticut state parks and forests since January 1, 2017. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c).  There is no allegation in Plaintiff's Amended Complaint that he sought or applied for permission to carry a pistol or revolver for a non-hunting purpose in the Connecticut State Parks and Forests System. Defendant further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome for the same reasons described in Defendant's Objection to Interrogatory No. 5.**

**ANSWER: Subject to and without waiving objection, DEEP has informed individuals of the regulatory prohibition against pistols or revolvers in State Parks and Forests but has no record of denying requests for permission to carry a pistol or revolver for a non-hunting purpose since January 1, 2017.  DEEP is only aware of one such request, as described in response to Interrogatory No. 5. Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.**

7.      State how many times the DEEP has given permission to a member of the public to carry a pistol or revolver for self-defense in Connecticut state parks and forests since January 1, 2017. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c).  There is no allegation in Plaintiff's Amended Complaint that he sought or applied for permission to carry a pistol or revolver for purposes of self-defense in the Connecticut State Parks and Forests System. Defendant further objects that the interrogatory is overly broad and unduly burdensome upon DEEP's staff, and vague as to the meaning of "permission".**

**ANSWER: Subject to and without waiving objection, Defendant has no record of DEEP giving permission to a member of the public to carry a pistol or revolver for self-defense in**

any State park or forest for the period of January 1, 2017-present and is not aware of any such requests for that timeframe. Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.

8.      State how many times the DEEP has denied permission to a member of the public

to carry a pistol or revolver for self-defense in Connecticut state parks and forests since January 1,

2017. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION:** Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings facial challenges to Conn. Reg. § 23-4-1(c).  There is no allegation in Plaintiff's Amended Complaint that he sought or applied for permission to carry a pistol or revolver for purposes of self-defense in the Connecticut State Parks and Forests System. Defendant further objects that the interrogatory is overly broad and unduly burdensome on DEEP's staff, and vague as to the meaning of "permission".

**ANSWER:** Subject to and without waiving objection, Defendant has no record of DEEP denying permission to a member of the public to carry a pistol or revolver for self-defense in any State park or forest for the period of January 1, 2017-present and is not aware of any such requests for that timeframe.  Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.

9.      State whether DEEP permits off-duty law enforcement officers to carry pistols or

revolvers in Connecticut state parks and forests.

**OBJECTION:** Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c).  There is no allegation in Plaintiff's Amended Complaint regarding the conduct of off-duty law enforcement officers. Defendant further objects on the grounds that the interrogatory is vague, ambiguous, overly broad, and unduly burdensome. The interrogatory is unclear in that it does not define "law enforcement officers." Nor does the interrogatory distinguish between specified target shooting ranges in certain State parks and forests and State parks and forests more generally.  Moreover, this interrogatory is vague because "permits" is susceptible to many different meaning. Finally, it calls for speculation regarding the application of the Connecticut General Statutes and regulations adopted thereunder to unclear circumstances.

**ANSWER:** Subject to and without waiving objection, all carrying or use of pistols or revolvers is subject to applicable provisions of the Connecticut General Statutes and

**regulations adopted thereunder.  DEEP does not allow off-duty government employees appointed to enforce criminal laws to carry pistols or revolvers in State parks and forests unless otherwise authorized in accordance with applicable law.**

10.     State how many felony crimes, excluding violations of Connecticut's conservation laws, have been committed in Connecticut state parks and forests since January 1, 2013. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Moreover, the interrogatory calls for speculation because DEEP and its law enforcement unit—the Environmental Conservation Police ("EnCon")—are only aware of "arrests" or "reported" offenses, not every time a felony is "committed." Defendant further objects on the grounds that the interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  It is unclear what Plaintiff means by "conservation laws."  Additionally, EnCon's felony and misdemeanor crime database is principally categorized by *arrests* made by an EnCon police officer, and each *arrest* could be based on an individual committing multiple offenses, including one or more felony offenses, one or more arrestable misdemeanor offenses, and/or one or more infractions, or any combination thereof.  It is unduly burdensome on EnCon to provide a complete breakdown of non-conservation law felony crimes for January 1, 2013-present in the format requested by this interrogatory, particularly when such a breakdown does not already exist.  Defendant further objects to this interrogatory insofar as it requests information protected by the work-product and/or attorney-client privileges.**

**ANSWER: Subject to and without waiving objection, the table below lists the sum total of arrests known to EnCon for offenses (felonies, misdemeanors, and other criminal offenses) between 2016-present.**

| Year | Number |
|------|--------|
| 2016 | 51 |
| 2017 | 67 |
| 2018 | 66 |
| 2019 | 121 |
| 2020 | 67 |
| 2021 | 71 |
| 2022 | 95 |

**Similarly subject to and without waiving objection, the below table indicates the year and number of additional crimes that were reported to have allegedly been committed in Connecticut's state parks and forests between 2019 and 2022 that did not result in an arrest.**

| Year | Number |
|------|--------|
| 2019 | 44 |
| 2020 | 54 |
| 2021 | 49 |
| 2022 | 110 |

**Furthermore, a breakdown of offense by statute and regulation is attached as a separate spreadsheet.**

**Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.  Notwithstanding the foregoing answer to this interrogatory and Defendant's reservation, counsel for Plaintiff has agreed that, at this juncture, he only requests information responsive to this interrogatory from 2019-present.**

11.     State how many misdemeanor crimes, excluding violations of Connecticut's conservation laws, have been committed in Connecticut state parks and forests since January 1, 2013. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION:** *See* **Objection to Interrogatory No. 10.**

**ANSWER:  Subject to and without waiving objection, Defendant incorporates by reference its Answer to Interrogatory No. 10 in response to this interrogatory.  Similar to Interrogatory No. 10, counsel for Plaintiff has agreed that, at this juncture, he only requests information responsive to this interrogatory from 2019-present.**

12.     State how many arrests that the Connecticut Environmental Conservation Police have made since January 1, 2013. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION:** *See* **Objection to Interrogatory No. 10.**

**ANSWER:  Subject to and without waiving objection, Defendant incorporates by reference its Answer to Interrogatory No. 10 in response to this interrogatory.  Similar to Interrogatory No. 10, counsel for Plaintiff has agreed that, at this juncture, he only requests information responsive to this interrogatory from 2019-present.**

13.     State how many citations that the Connecticut Environmental Conservation Police have issued since January 1, 2013 for violations of Connecticut state park and forest laws and

regulations. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200

times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects to the interrogatory on the grounds that it is overly broad, unduly burdensome, and requests information prepared by DEEP and EnCon that is protected by the work-product and/or attorney-client privileges.** *See* **Defendant's Objections to Interrogatories Nos. 10-12.**

**ANSWER: Subject to and without waiving objection, with respect to the years 2016 through 2022, Defendant answers as follows:**

| Year | Title 23 Citations |
|------|--------------------|
| 2016 | 2779 |
| 2017 | 2720 |
| 2018 | 2834 |
| 2019 | 2499 |
| 2020 | 2868 |
| 2021 | 2088 |
| 2022 | 2098 |

**Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.**

14.     Identify the standard weapons that Connecticut Environmental Conservation police

officers carry while performing their duties in Connecticut state parks and forests. For each firearm

that these officers carry, please list the make and model, the caliber of the firearm, and the number

of rounds/bullets that the officers typically carry in the firearm.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not relate to the conduct or arming of on-duty EnCon Police Officers. Defendant further objects that the interrogatory is overly broad and unduly burdensome.**

**ANSWER: Subject to and without waiving objection, EnCon Police's current issue handgun is a Glock 22, .40 caliber, with 15 round magazines (2 spare and 1 in the handgun). In addition, EnCon Police officers use a Colt LE6920 M4 (long gun), .223 caliber, 30 round magazine x2 and 1-20 round magazine. Also in use is the Mossberg 590A1 Shotgun, 12 gauge. Eight shotshells are in the magazine tube, and 6 carried in a side saddle.**

15.     State how many times that Connecticut Environmental Conservation police officers have discharged their firearms in the line of duty in Connecticut state parks and forests since January 1, 2013, excluding discharges made in the course of training or practice at a shooting range located within Connecticut state parks and forests. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not relate to the conduct or arming of on-duty EnCon Police Officers. Defendant further objects that the interrogatory is vague, overly broad, and unduly burdensome.  For example, the interrogatory does not define "in the line of duty" and does not distinguish between the discharge of a firearm upon another person, upon wildlife, or otherwise while "in the line of duty."**

**ANSWER: Subject to and without waiving objection, as the need arises, EnCon Police Officers are often required to discharge their firearms in order to dispatch wildlife in the State Parks and Forest System following, for example, a motor vehicle accident involving an animal.  EnCon Police does not maintain records regarding such use of firearms but estimates that there are numerous instances of such discharge, annually.  Apart from discharges made to dispatch an animal or in the course of training or practice, Defendant knows of no EnCon Police Officer discharging their weapon "in the line of duty" in any Connecticut state park or forest since January 1, 2013.  Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.**

16.     State when Conn. Agencies Regs. § 23-4-1(c) was promulgated and identify the publication that it was promulgated in. Please include the exact date of promulgation and the volume and issue of the publication that it was promulgated in.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not challenge the rulemaking authority of the Commissioner of DEEP or the rulemaking process that led to the promulgation of § 23-4-1(c). Defendant further objects that the interrogatory is overly broad, unduly burdensome, and seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, the present version of Conn. Agencies Reg. § 23-4-1(c) has been in effect since June 7, 2017.  A copy is available in the Connecticut eRegulations System, accessible via search at https://eregulations.ct.gov/eRegsPortal/. Additionally, to the best of her knowledge, Defendant believes that the prohibitions set forth in the present version of § 23-4-1(c) were first established in 1924 through the Guide to Connecticut State Parks and Forests, published by the State Park and Forest Commission, the precursor entity to DEEP. Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.**

17.    Identify any precursor rules or regulations for Conn. Agencies Regs. § 23-4-1(c),

and state the date that they established, the government agency or body that established them, their

full legal citation, and where they may be located.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not challenge the rulemaking authority of the Commissioner of DEEP or the rulemaking process that led to the promulgation of § 23-4-1(c). Defendant further objects that the interrogatory is overly broad, unduly burdensome, and seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, Defendant incorporates by reference her Answer to Interrogatory No. 16.  Additionally, to the best of her knowledge, precursor rules or regulations to § 23-4-1(c) include the following: § 15-2-3 of the Regulations of Connecticut State Agencies (State Park and Forest Commission; 1949); § 23-4-1 of the Regulations of Connecticut State Agencies (DEEP; 2007); and § 23-4-1 of the Regulations of Connecticut State Agencies (DEEP; 2017).  As noted on the Connecticut State Library's website     (https://ctstatelibrary.org/regulations-of-connecticut-state-agencies/),     "[p]rior versions of regulations as printed in the Connecticut Law Journal are available for use at the Connecticut State Library."   Research into the history of firearms prohibitions in Connecticut's state parks and forests is ongoing, and Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.**

18.    State how many times the DEEP has arrested or cited someone for a violation of

Conn. Agencies Regs. 23-4-1(c) since January 1, 2013. Please provide the information in annual

format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects to the interrogatory on the grounds that it is overly broad, unduly burdensome, and requests information prepared by DEEP and EnCon that is protected by the work-product and/or attorney-client privileges.** *See* **Defendant's Objections to Interrogatories Nos. 10-12.**

**ANSWER: Subject to and without waiving objection, with respect to the years 2016 through 2022, Defendant answers as follows:**

| Year | Conn. Reg. 23-4-1(c) Citations |
|------|-------------------------------|
| 2016 | 6 |
| 2017 | 10 |
| 2018 | 5 |
| 2019 | 1 |
| 2020 | 10 |
| 2021 | 7 |
| 2022 | 6 |

**Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.**

19.    State how many firearms hunting licenses that the DEEP has issued since January 1, 2017. Please provide the information in annual format: e.g., 2015 – 100 times; 2016 – 200 times.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the interrogatory is overly broad and unduly burdensome on DEEP's staff.**

**ANSWER: Subject to and without waiving objection, Defendant provides the following information relating to the number of firearms hunting licenses the DEEP has issued since January 1, 2017:**

- **2017 – 46,336**
- **2018 – 44,294**
- **2019 – 42,356**
- **2020 – 42,438**
- **2021 – 40,298**
- **2022 – 39,126**

**Defendant reserves the right to amend or supplement this response at a later date, following completion of discovery or receipt of additional information.**

20.     State all of the time periods/hunting seasons that the DEEP will permit hunting by

firearms in the state of Connecticut for the calendar year 2023.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the interrogatory seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, this information is publicly available in the 2023 Connecticut Hunting and Trapping Guide, PDF copies of which can be found online at:**

**https://portal.ct.gov/-/media/DEEP/hunting_trapping/pdf_files/2023-CT-Hunting-Guide.pdf**

21.     State all of the time periods/hunting seasons that the DEEP permitted hunting in

the state of Connecticut for the calendar year 2022.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the interrogatory seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, please find attached the relevant pages from the 2022 Hunting and Trapping Guide, which state the time periods/hunting seasons that DEEP permitted in the State for 2022.**

22.     State the total number of deer reported harvested on state land by hunters using

firearms via the DEEP's Harvest Tagging system for the calendar year 2022.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the interrogatory seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, a total of 611 deer were reported harvested on state land by hunters during the 2022 firearms season.**

23.     State the total number of turkeys reported harvested on state land by hunters using

firearms via the DEEP's Harvest Tagging system for the calendar year 2022.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the interrogatory seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, a total of 257 turkeys were reported harvested on state land by hunters during the 2022 spring and fall firearms seasons.**

24.     State whether the prohibition against carrying handguns in state parks or forests as

set forth in Conn. Agencies Regs. 23-4-1(c) is posted at all public access points to all state parks

and forests.

**OBJECTION: Defendant objects to this interrogatory on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not allege that Plaintiff lacked notice of the challenged regulation. Defendant further objects that the term "public access points" is undefined, vague, and susceptible to many meanings.**

**ANSWER: Subject to and without waiving objection, Conn. Reg. § 23-4-1(c) is not posted at all public access points to all state parks and forests but DEEP's regulations are generally available     on     the     Secretary     of     State's     website (https://eregulations.ct.gov/eRegsPortal/Browse/RCSA/Title_23/), and DEEP's website (https://portal.ct.gov/DEEP/Laws/DEEP-Regulations-Sorted-By-Subject).     Additionally, copies of DEEP's regulations are generally posted at a publicly viewable location within State parks and forests.**

25.     Identify all witnesses, including expert witnesses, documents, and exhibits that you

intend to offer into evidence at the hearing on the Plaintiff's motion for a preliminary injunction

or at trial.

**OBJECTION: Defendant objects that the interrogatory is premature and impermissibly seeks information that, at this juncture, is protected by the work product and attorney client privileges while the trial and preliminary injunction strategy is developed.**

**ANSWER: Defendant is in the process of preparing a brief in opposition to Plaintiff's motion for a preliminary injunction and has not finalized what witnesses, documents, and/or exhibits, if any, she intends to offer at a preliminary injunction hearing or trial at this time. Therefore, Defendant reserves the right to amend or supplement this response at a later date closer to any scheduled evidentiary hearing, in a timely manner consistent with Defendant's obligations at discovery.  However, Defendant notes that, in support of her opposition to Plaintiff's motion for a preliminary injunction, Defendant will likely rely on the following:**

- **Numerous historical analogues to § 23-4-1(c), which Plaintiff will receive copies of with Defendant's opposition to Plaintiff's motion for a preliminary injunction.**
- **Numerous other exhibits including, but not limited to, photographs of State parks and forests and a Centennial report prepared by DEEP describing the history of Connecticut's State parks and forests.**
- **Declarations from experts, the specifics of which are yet to be finalized and will be supplemented.**
- **Declarations from fact witnesses from DEEP including, but not limited to, Thomas Tyler.**
- **Declarations from other fact witnesses including, but not limited to, Mark Benigni.**

### REQUESTS FOR PRODUCTION

1.      All documents identified in answering or used or relied upon by you or any other

person in preparing answers to any of the above Interrogatories.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, in that it requests all documents "used or relied upon by you or any person in preparing answers to any of the above Interrogatories."  Defendant further objects that the request covers documents that would be protected by the attorney-client, work product, and/or deliberative process privileges, including correspondence between DEEP employees and counsel for Defendant**

**ANSWER: Subject to and without waiving objection, see attached.**

2.      Copies of any and all regulatory history for Conn. Agencies Regs. § 23-4-1(c).

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not challenge the rulemaking authority of the Commissioner of DEEP or the rulemaking process that led to the promulgation of § 23-4-1(c). Defendant further objects that the request for "any and all regulatory history" is vague, overly broad, unduly burdensome, and seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, see attached. Defendant reserves the right to amend or supplement this response at a later date.**

3.      Copies of any and all precursor statutes, regulations, rules or any other form of binding law to Conn. Agencies Regs. § 23-4-1(c) that establish the same prohibition against carrying firearms in Connecticut state parks and forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not challenge the rulemaking authority of the Commissioner of DEEP or the rulemaking process that led to the promulgation of § 23-4-1(c). Defendant further objects that the request is overly broad, unduly burdensome, and seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER: Subject to and without waiving objection, see attached. Defendant reserves the right to amend or supplement this response at a later date.**

4.      Copies of any documents and forms that the DEEP uses to process requests for permission to carry firearms in Connecticut state parks and forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, and seeks materials privileged by the attorney-client, work product, or deliberative process privilege.**

**ANSWER:    Subject to and without waiving objection, see attached example of a Special Use License from 2022.  Defendant reserves the right to amend or supplement this response at a later date.**

5.       Copies of any documents, videos, or any other form of material that DEEP uses to

train its employees and officials on whether to grant or deny permission to carry firearms in

Connecticut state parks and forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, and seeks materials privileged by the attorney-client, work product, or deliberative process privilege.**

**ANSWER:    Subject to and without waiving objection, no such materials exist.**

6.       Copies of any documents or communications establishing DEEP policy on whether

to grant or deny permission to carry firearms in Connecticut state parks and forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, and seeks materials privileged by the attorney-client, work product, or deliberative process privilege.**

**ANSWER:    Subject to and without waiving objection, see the 2023 Hunting and Trapping Guide, as well as the Special Use License from 2022.  Defendant reserves the right to amend or supplement this response at a later date.**

7.       Copies of any non-privileged communications and documents within DEEP', its

employees', or your possession regarding the constitutionality and lawfulness of Conn. Agencies

Regs. § 23-4-1(c).

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, and seeks privileged materials, as conversations regarding the "constitutionality and lawfulness" are paradigmatic examples of subjects likely to be discussed with an attorney that would be protected from disclosure under the attorney-client, work product, or deliberative process privilege.  Moreover, this request improperly calls for a legal conclusion and seeks publicly available information that can be acquired by Plaintiff as easily as it can be acquired by Defendant.**

**ANSWER:    Subject to and without waiving objection, DEEP's testimony from 2018 and 2023 opposing legislative proposals to allow carrying of firearms in state parks and forests**

is attached. Defendant reserves the right to amend or supplement this response at a later date.

8.      Copies of any documents, communications, and regulatory history regarding the

decisions to establish and maintain four public shooting ranges in Connecticut state parks and

forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, in that it requests "any" documents that concern a highly regulated recreational activity, itself subject to extensive contracting or leasing requirements, none of which is relevant to the instant action or likely to lead to probative information. Voluminous paper records exist that cannot be converted to PDF or electronic files without considerable expense and effort by a staff whose resources are limited. Defendant further objects that the request covers documents that would be protected by the attorney-client, work product, and/or deliberative process privileges, including correspondence between DEEP employees and counsel for Defendant.**

**ANSWER: Subject to and without waiving objection, certain materials pertinent to a shooting range in a State forest are attached.**

9.      Copies of any documents, communications, studies, or reports regarding the impact

that the carrying of firearms would have in Connecticut state parks and forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, and seeks materials privileged by the attorney-client, work product, or deliberative process privilege. The term "impact" is unclear and susceptible to different meanings, particularly in light of the diverse public interests and uses that DEEP considers in its management of state parks and forests.**

**ANSWER:     Subject to and without waiving objection, DEEP testimony from 2018 and 2023 opposing legislative proposals to allow carrying of firearms in state parks and forests is attached. Defendant reserves the right to amend or supplement this response at a later date.**

10.      Copies of any documents, communications, studies, or reports regarding the impact

that hunting with firearms would have on Connecticut state parks and forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge**

to Conn. Reg. § 23-4-1(c). Defendant further objects that the request is overly broad, vague, unduly burdensome, and seeks materials privileged by the attorney-client, work product, or deliberative process privilege. The term "impact" is unclear and susceptible to different meanings, particularly in light of the diverse public interests and uses that DEEP considers in its management of state parks and forests.

ANSWER:   Subject to and without waiving objection, see 2023 Hunting Guide information, available at: https://portal.ct.gov/DEEP/Hunting/2023-Connecticut-Hunting-and-Trapping-Guide. Defendant reserves the right to amend or supplement this response at a later date.

11.   Copies of any documents, videos, and any other form of communication pertaining to the training that the Connecticut Environmental Conservation Police receive on the use of firearms.

OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not relate to the conduct or arming of on-duty EnCon Police Officers. Defendant further objects that the request is overly broad, vague, unduly burdensome, and seeks materials privileged by the attorney-client, work product, or deliberative process privilege. The term "pertaining to" is unclear and susceptible to different meanings, particularly in light of the diverse public interests and uses that DEEP considers in its management of state parks and forests.

ANSWER:   Subject to and without waiving objection, see attached DEEP February 2023 Use of Force Policy.

12.   Copies of any documents setting forth the DEEP's policy on when the Connecticut Environmental Conservation Police may use firearms in the line of duty, its policy on the use of force, and its policy on the use of deadly force.

OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c) and does not relate to the conduct or arming of on-duty EnCon Police Officers.

ANSWER:   Subject to and without waiving objection, see attached DEEP February 2023 Use of Force Policy.

13.   Copies of any Connecticut statute, regulation, rule, or other form of binding law that regulates the storage of unattended firearms in Connecticut state parks and forests.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to DEEP's enforcement of Conn. Reg. § 23-4-1(c). Defendant further objects to this request on the grounds that it improperly calls for a legal conclusion and is impermissibly vague in its use of the word "storage." Moreover, Defendant objects to this request as overly broad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff than to Defendant, are readily or more accessible to Plaintiff from Plaintiff's own files, or from documents or information in Plaintiff's possession. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiff as for Defendant.**

**ANSWER:   Subject to and without waiving objection, see Conn. Regs. § 23-4-1(c), Connecticut Public Act 19-7, and the 2023 Connecticut Hunting and Trapping Guide, copies of which are available online.**

14.   Copies of any non-privileged document or communication pertaining to the potential amendment or recission of Conn. Agencies Regs. § 23-4-1(c) since January 1, 2017.

**OBJECTION: Defendant objects to this request on the ground that the information sought is not relevant to the issues in this case, as the Amended Complaint brings a facial challenge to Conn. Reg. § 23-4-1(c), which is presently in effect. Defendant further objects that the request is speculative, overly broad, vague, unduly burdensome, and seeks privileged materials, as conversations regarding the "potential amendment or recission" on a regulation currently in effect, are paradigmatic examples of subjects likely to be discussed with an attorney that would be protected from disclosure under the attorney-client, work product, or deliberative process privileges.**

**ANSWER:   Subject to and without waiving objection, DEEP testimony from 2018 and 2023 opposing legislative proposals to allow carrying of firearms in state parks and forests is attached. Defendant reserves the right to amend or supplement this response at a later date.**

15.   Copies of any non-privileged document, communication, or social media posting that you have made supporting the regulation of the carrying of firearms in public since January 1, 2013.

**ANSWER: DEEP testimony from 2018 and 2023 opposing legislative proposals to allow carrying of firearms in state parks and forests is attached. Defendant reserves the right to amend or supplement this response at a later date.**

16.   Copies of any exhibits and/or reports, including any reports prepared by any expert, that you intend to offer into evidence in this case.

**OBJECTION: Defendant objects that the request is premature and impermissibly seeks information that, at this juncture, is protected by the work product and attorney-client privileges while the trial and preliminary injunction strategy is developed.**

**ANSWER: Defendant is in the process of preparing a brief in opposition to Plaintiff's motion for a preliminary injunction and has not finalized what witnesses, documents, and/or exhibits, if any, she intends to offer at a preliminary injunction hearing or trial at this time. Therefore, Defendant reserves the right to amend or supplement this response at a later date closer to any scheduled evidentiary hearing, in a timely manner consistent with Defendant's obligations at discovery.  However, Defendant notes that, in support of her opposition to Plaintiff's motion for a preliminary injunction, Defendant will likely rely on the following:**

- **Numerous historical analogues to § 23-4-1(c), which Plaintiff will receive copies of with Defendant's opposition to Plaintiff's motion for a preliminary injunction.**
- **Numerous other exhibits including, but not limited to, photographs of State parks and forests and a Centennial report prepared by DEEP describing the history of Connecticut's State parks and forests.**
- **Declarations from experts, the specifics of which are yet to be finalized and will be supplemented.**
- **Declarations from fact witnesses from DEEP including, but not limited to, Thomas Tyler.**
- **Declarations from other fact witnesses including, but not limited to, Mark Benigni.**

Respectfully submitted,

DEFENDANT-COMMISSIONER
KATIE DYKES

WILLIAM TONG
ATTORNEY GENERAL

BY:   */s/Blake T. Sullivan*
        Timothy J. Holzman (ct30420)
        Blake T. Sullivan (ct30289)
        Thadius L. Bochain (ct31367)
        Assistant Attorneys General
        Attorney General's Office
        165 Capitol Avenue
        Hartford, CT 06106
        860-808-5020 (phone)
        860-808-5347 (fax)
        Timothy.Holzman@ct.gov
        Blake.Sullivan@ct.gov
        Thadius.Bochain@ct.gov
        Attorneys for the Commissioner

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023 a copy of the foregoing was served by e-mail to all parties.

*/s/ Blake T. Sullivan*
Assistant Attorney General

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAVID J. NASTRI, ESQ.,                           :
                                                 :          DKT No.: 3:23-cv-00056-JBA
      Plaintiff,                           :
                                                 :
v.                                               :
                                                 :
KATIE DYKES, in her official capacity            :
only,                                            :
                                                 :
      Defendant.                           :

## OATH OF RESPONDENT

I, _____Alison Rau_____, being of sound mind and legal age, and having been duly

sworn, do hereby depose and state that:

    1.      I am a respondent identified in Interrogatory no. 1 above.

    2.      The answers and documents provided in response to the attached interrogatories

and requests for production are true, accurate, and complete to the best of my knowledge and

belief.

_____Alison Rau_____

Subscribed and sworn to before me this ___20th___ day of ___March___, 2023

_____Blake Sullivan_____
~~Notary Public~~/
Commissioner of the Superior Court
Juris No  443852