UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ., | : | |
| | : | DKT No.: 3:23-cv-00056-JAM |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KATIE DYKES, in her official capacity only, | : | |
| | : | |
| Defendant. | : | May 3, 2024 |

## JOINT STATUS REPORT

Pursuant to the Court's order entered on April 24, 2024 (Dkt. 63), the parties respectfully submit the following joint status report proposing a scheduling order and containing their view of the case.

**I.  PROPOSED SCHEDULING ORDER**

The parties have discussed and agreed to the following scheduling order:

- Plaintiff will move for leave to amend his complaint by June 1, 2024.

- Discovery will close August 30, 2024.

- Plaintiff will file a motion for summary judgment by October 11, 2024.

- Defendant will file an opposition to Plaintiff's motion for summary judgment and a cross motion for summary judgment by November 12, 2024.

- Plaintiff will file his reply to Defendant's opposition to his summary judgment motion and his opposition to Defendant's cross motion for summary judgment by December 11, 2024.

- Defendant will file her reply to Plaintiffs' opposition to her motion for summary judgment by January 8, 2025.

1

## II. Additional Matters Contemplated by Parties

### A. Amended Complaint.

Plaintiff will seek leave to amend his complaint by June 1, 2024. He views amendment as essential since the Second Circuit decided *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir., Dec. 8, 2023) well after the Court had dismissed this case for lack of standing.

Defendant reserves the right to object to Plaintiff's proposed amended complaint upon seeing what amendments he proposes.

Plaintiff's counsel will provide Defendant's counsel with a redlined copy of the proposed amendment sufficiently in advance of the June 1, 2024 deadline to enable them to evaluate whether they can consent to the proposed amended complaint.

### B. Rule 26(f) Report.

The parties respectfully request that the Court not require them to prepare and file a Rule 26(f) report in light of the status reports that they have provided the Court and the amicable fashion in which the parties have litigated this matter and pursued discovery. In support thereof, the undersigned report as follows:

The parties conducted initial discovery in preparation for the preliminary injunction hearing that was held on May 9-10, 2023. They will continue to treat those written discovery obligations as imposing a continuing duty to respond just as they would in the normal course of litigation.

Both parties reserved the right to conduct additional discovery at that time. The parties contemplate the following additional discovery:

Plaintiff contemplates taking one or two more depositions and submitting a limited set of additional interrogatories to identify who to depose. He may also submit one or two supplemental requests for production for maps of state parks that he is unable to find publicly and other descriptive documents regarding the characteristics of certain state parks. Additionally, Plaintiff contemplates bolstering the record substantially with historical statutes and other sources and is evaluating the retention of a history expert.

Defendant may seek additional discovery from Plaintiff in light of Plaintiff's intention to seek leave from this Court to file an amended complaint. Defendant further contemplates deposing any of Plaintiff's expert witness(es) or fact witness(es), if any, and intends to submit additional statutes, sources, and other materials to further develop the record.

**C. Preliminary Injunction.**

The Court (Arterton, J.) denied Plaintiff's motion for preliminary injunction because it dismissed the case for lack of subject matter jurisdiction. Dkt. 46.

1. Plaintiff's Position

Since the parties contemplate additional discovery and an approximately eight-month process to present summary judgment motions to the Court, Plaintiff plans to renew his motion for a preliminary injunction after he recalibrates it to address *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir., Dec. 8, 2023). Plaintiff is not sure whether he will need an expert to address some of the concerns raised by *Antonyuk*, and is currently exploring that topic with a goal of making a speedy decision and presentation of the preliminary injunction motion. Plaintiff will rely on the original testimony elicited in the May 9-10, 2023 preliminary injunction hearing and does not believe that further testimony

would be required for a renewed preliminary injunction motion since the expert whom he contemplates retaining would be an expert in English history and would provide a report in the form of an affidavit similar to the way Defendant's experts provided their opinions for the original preliminary injunction hearing. Plaintiff submits that further preliminary injunction proceedings are appropriate because he may not exercise his Second Amendment rights without being subject to the credible threat of prosecution that the Second Circuit found existed in its opinion remanding this case. Plaintiff submits that he would be subject to that threat for almost a full year if the Court reasonably takes 4 months to resolve the summary judgment motions. Plaintiff submits it could be more if the *Bruen* analysis takes the Court longer than expected.

2. Defendant's Position

Considering the procedural posture of this case, the parties' intentions to seek additional discovery from one another, and the above agreement to a scheduling order contemplating cross motions for summary judgment on a compressed timeline, Defendant respectfully objects to any further preliminary injunction proceedings and submits that it would be an inefficient use of resources—for the Court and the parties—to proceed with additional preliminary injunction proceedings.

Should Plaintiff choose to renew his motion for a preliminary injunction, Defendant respectfully requests that the Court consolidate the preliminary injunction proceedings with a decision on the parties' cross motions for summary judgment and in accordance with the agreed upon scheduling order. Defendant submits that Defendant's position would permit the parties to complete discovery and would promote an efficient, streamlined final disposition of this case.

4

### III.     CONCLUSION

The parties believe, at this stage, that any factual disputes will be minimal, and that summary judgment is an appropriate vehicle for final disposition of this case. Thus, they respectfully ask the Court to adopt the proposed scheduling order.

The Plaintiff, David Nastri

By: /s/ Cameron L. Atkinson /s/
Cameron L. Atkinson, Esq.
(ct31219)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com


DEFENDANT-COMMISSIONER
KATIE DYKES

WILLIAM TONG
ATTORNEY GENERAL

BY: /s/ Timothy J. Holzman
Timothy J. Holzman (ct30420)
Blake T. Sullivan (ct30289)
Thadius L. Bochain (ct31367)
Assistant Attorneys General
Attorney General's Office
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Timothy.Holzman@ct.gov
Blake.Sullivan@ct.gov
Thadius.Bochain@ct.gov
Attorneys for the Commissioner

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Thadius Bochain*
Thadius Bochain
Assistant Attorney General