UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ., | : | |
| | : | DKT No.: 3:23-cv-00056-JAM |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KATIE DYKES, in her official capacity only, | : | |
| | : | |
| Defendant. | : | November 4, 2024 |

**Defendant's Answer to Plaintiff's Second Amended Complaint**

Defendant Katie Dykes, in her official capacity, hereby submits the following Answer to the Plaintiff's Second Amended Complaint (Doc. 68):

1. Paragraph 1 is Plaintiff's characterization of this action, partially calling for a legal conclusion, and no response is required. To the extent a response is required, Defendant denies the allegations in the paragraph.

**Parties**

2. As to Paragraph 2, Defendant leaves Plaintiff to his proof.

3. Paragraph 3 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that she has the rulemaking and enforcement authority as set forth in the applicable General Statutes.

**Jurisdiction**

4. Paragraph 4 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in the

1

paragraph.

## Factual Allegations

5. Paragraph 5 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that General Statutes § 22a-1 includes the quoted language.

6. Paragraph 6 is, in part, Plaintiff's characterization of a statute and no response is required. To the extent a response is required, Defendant admits that the State maintains approximately 142 State parks and forests.

7. Paragraph 7 is Plaintiff's description of a Connecticut Supreme Court decision, not a factual allegation, and no response is required. The quoted Supreme Court decision speaks for itself.

8. Paragraph 8 is Plaintiff's description of a Connecticut Supreme Court decision, not a factual allegation, and no response is required. The quoted Supreme Court decision speaks for itself.

9. Paragraph 9 is Plaintiff's description of a Connecticut Supreme Court decision, not a factual allegation, and no response is required. The quoted Supreme Court decision speaks for itself.

10. Paragraph 10 is Plaintiff's description of a Connecticut Supreme Court decision, not a factual allegation, and no response is required. To the extent a response is required, Defendant admits that, as a general matter, Connecticut's State parks and forests are utilized for a wide variety of recreational activities, including hiking, camping, hunting, fishing, and

picnicking. However, not every State park and forest is open for all of those activities, and certain parks and forests may be closed to those or any activities depending on the circumstances.

11. Defendant admits that DEEP imposes licensing requirements for hunting, fishing, and camping and generally does not utilize a permit system to control entrance to State parks and forests for recreational activities that comport with Connecticut's State park rules. However, Defendant denies that DEEP lacks the authority and ability to control entrance to a State park or forest in accordance with applicable laws, regulations, and rules.

12. Paragraph 12 calls for a legal conclusion and/or consists of Plaintiff's characterization of an agency regulation, to which no response is required. The agency regulation speaks for itself.

13. Paragraphs 13 calls for a legal conclusion and/or consists of Plaintiff's characterization of an agency regulation, to which no response is required. Admitted that the carrying of firearms, archery equipment, or other weapons in State parks and forests is prohibited except as authorized by DEEP and consistent with Regulations of Connecticut State Agencies (R.C.S.A.) § 23-4-1(c).

14. Paragraph 14 calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that violation of R.C.S.A. § 23-4-1(c) is an infraction that can be punished by a $35 fine.

15. Paragraph 15 calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that, pursuant to R.C.S.A. § 23-4-5, DEEP has the authority to eject for twenty-four hours persons who violate R.C.S.A. § 23-4-1(c). The allegations therein are otherwise denied.

16. Paragraph 16 calls for a legal conclusion, to which no response is required. The cited statutes speak for themselves.

17. Defendant admits that the carrying of certain weapons is permitted for purposes of hunting, subject to numerous restrictions imposed by DEEP and by Connecticut and federal law. This paragraph is otherwise denied.

18. Paragraph 18 calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that carrying handguns for the sole purpose of self-defense is not permitted in State parks or forests, except as authorized by DEEP and consistent with Connecticut and federal law. This paragraph is otherwise denied.

19. Paragraph 19 is admitted, in part, insofar as that Plaintiff sent the email described. The allegations therein are otherwise denied and Defendant leaves Plaintiff to his proof.

20. Admitted.

21. Denied.

22. Paragraph 22 is Plaintiff's characterization of the legal effect of a report by the Connecticut Office of Legislative Research, not a factual allegation, and no response is required. The report speaks for itself.

23. Admitted that the email exchange described in Paragraph 23 occurred.

24. Defendant admits that neither she nor Mr. Trumble responded to Plaintiff's e-mail, and that R.C.S.A. § 23-4-1(c) has not been amended since that e-mail exchange occurred.

### Plaintiff David J. Nastri, Esq.

25. As to Paragraph 25, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

26. As to Paragraph 26, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

27. As to Paragraph 27, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

28. As to Paragraph 28, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

29. As to Paragraph 29, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

30. As to Paragraph 30, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

31. As to Paragraph 31, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

32. As to Paragraph 32, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

33. As to Paragraph 33, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

34. As to Paragraph 34, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

35. Defendant admits that Plaintiff filed the original complaint in this action on January 14, 2023. As to the remaining allegations in this paragraph, Defendant lacks sufficient information to admit or deny the allegations and so leaves Plaintiff to his proof.

36. As to Paragraph 36, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

37. As to Paragraph 37, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

38. Paragraph 38 calls for a legal conclusion and/or characterization of R.C.S.A. § 23-4-1(c), to which no response is required. To the extent a response is required, Defendant denies that Plaintiff cannot store his handgun in a locked container in his motor vehicle in a State park or forest parking lot without violating the law. As to the remaining allegations in this paragraph, Defendant lacks sufficient information to admit or deny them and so leaves Plaintiff to his proof.

39. As to Paragraph 39, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

Case 3:23-cv-00056-VAB   Document 71   Filed 11/04/24   Page 7 of 12

40. As to Paragraph 40, Defendant lacks sufficient information to admit or deny the allegation and so leaves Plaintiff to his proof.

### The Nature of Trails In Connecticut State Parks and Forests

41. Admitted.

42. Defendant admits that one of the State's objectives in its parks and forests "is to preserve natural habitats and undeveloped land," but denies that that is the sole objective. Admitted that several of the State's parks and forests contain trails that may lead a person a mile or more before they can access a roadway or another exit. As to the allegation that Sleeping Giant State Park and Naugatuck State Forest "are perfect examples of this," this is Plaintiff's subjective characterization that Defendant can neither admit nor deny, so leaves Plaintiff to his proof.

43. Admitted.

44. Admitted.

45. Paragraph 45 consists of Plaintiff's speculation about first responders' likely response time in unspecified hypothetical situations. Defendant lacks sufficient information to admit or deny the allegations and so leaves Plaintiff to his proof.

46. Admitted.

47. Paragraph 47 is admitted, in part, insofar as Naugatuck State Forest contains numerous parking areas at the trail heads around the perimeter of the state forest. The remainder of this paragraph consists of Plaintiff's speculation about

first responders' likely response time in unspecified hypothetical situations. Defendant lacks sufficient information to admit or deny the allegations and so leaves Plaintiff to his proof.

48. Admitted.

### Defendant Dykes Actively Enforces Conn. Agencies Regs. § 23-4-1(c)'s Firearms Ban In State Parks

49. Admitted that Defendant and park/forest law enforcement do enforce § 23-4-1(c). As to the allegation that they enforce it "whenever they catch a violator," Defendant denies that park/forest law enforcement lacks discretion in determining if, how, and when to enforce § 23-4-1(c) under the circumstances.

50. Admitted.

51. Admitted.

### Count One

52. Defendant's responses to Paragraphs 1 through 51 are incorporated herein.

53. Paragraph 53 states a legal conclusion, not a factual allegation, and no response is required.

54. Paragraph 54 states a legal conclusion, not a factual allegation, and no response is required.

55. Paragraph 55 states a legal conclusion, not a factual allegation, and no response is required.

56. Paragraph 56 states a legal conclusion, not a factual allegation, and no response is required.

57. Paragraph 57 states a legal conclusion, not a factual allegation, and no response is required. To the extent a response is required, Defendant denies that this paragraph accurately characterizes the conduct at issue and denies that the plain text of the Second Amendment covers Plaintiff's intended conduct. Defendant further denies that R.C.S.A. § 23-4-1(c) violates the Second Amendment.

58. Paragraph 58 states a legal conclusion, not a factual allegation, and no response is required. To the extent that any response is required, Defendant denies this paragraph.

59. Paragraph 59 states a legal conclusion, not a factual allegation, and no response is required. To the extent a response is required, Defendant denies this paragraph.

60. Paragraph 60 states a legal conclusion, not a factual allegation, and no response is required. To the extent that a response is required, the cited Supreme Court decision speaks for itself.

61. Paragraph 61 states a legal conclusion, not a factual allegation, and no response is required. To the extent that a response is required, the cited Supreme Court decision speaks for itself.

62. Paragraph 62 states a legal conclusion, not a factual allegation, and no response is required. To the extent a response is required, Defendant denies that R.C.S.A. § 23-4-1(c) violates the Second Amendment.

63. Paragraph 63 states a legal conclusion, not a factual allegation, and no response is required. To the extent a response is required, Defendant denies that R.C.S.A. § 23-4-1(c) violates the Second Amendment and notes that the cited Supreme Court decision speaks for itself.

64. Paragraph 64 states a legal conclusion, not a factual allegation, and no response is required. To the extent that a response is required, the cited Supreme Court decision speaks for itself.

65. Paragraph 65 states a legal conclusion, and to the extent that any response is required, it is denied that § 23-4-1(c) violates the Second Amendment. The remainder of this paragraph consists of Plaintiff's speculation about first responders' likely response time in unspecified hypothetical situations. Defendant lacks sufficient information to admit or deny those allegations and so leaves Plaintiff to his proof.

66. Paragraph 66 states a legal conclusion, and to the extent that any response is required, it is denied that § 23-4-1(c) violates the Second Amendment. Defendant otherwise lacks sufficient information to admit or deny any factual allegation and so leaves Plaintiff to his proof.

67. Denied.

        DEFENDANT-COMMISSIONER
        KATIE DYKES

        WILLIAM TONG

ATTORNEY GENERAL

BY: /s/ *Blake T. Sullivan*
Timothy J. Holzman (ct30420)
Blake T. Sullivan (ct30289)
Thadius L. Bochain (ct31367)
Assistant Attorneys General
Attorney General's Office
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Timothy.Holzman@ct.gov
Blake.Sullivan@ct.gov
Thadius.Bochain@ct.gov

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Blake T. Sullivan